In the Matter of the Application under the Election Law of FRANCIS J. LITTIG for an Order Directing the BOARD OF ELECTIONS OF THE CITY OF NEW YORK to Accept as Valid the Designating Petitions for the Queens Democratic County Committee of the First Assembly District of the Election Districts from the 70th to 87th Election District, Inclusive, but Exclusive of the 78th Election District,

of which FRANCIS J. LITTIG, THOMAS A. RAFTERY, ANTHONY F. VARELLI, OSCAR HERTE and HARRY P. HOLBOROW Are a Committee to Fill Vacancies in Accordance with the Provisions of the Election Law.   FRANCIS J. LITTIG and ALBERT SERRA, Appellants; THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.— Order modified by striking out the denial of the motion to direct the board of elections of the city of New York to accept as valid certain designating petitions (which include all except that of Francis J. Littig) and by adding a direction that the matter as to those certain designating petitions be remitted to the Special Term for determination on the merits; and, as so modified, the order is affirmed, without costs.   The cross-appeal by the objector-respondent, Albert Serra, in so far as the order declares valid the designation of Francis J. Littig in the seventy-fifth election district was withdrawn on the argument.   A designating petition is required for the candidates for county committee in each election district.   In this case there was such a petition in each election district consecutively numbered as required by section 135 of the Election Law.   Order denying applications of each and every candidate designated in the designating petitions filed by Francis J. Littig for Democratic County Committee of the First Assembly District of Election Districts 70th to 77th, inclusive, and 79th to 87th, inclusive, to be joined in the proceeding is reversed on the law and the facts, without costs, and the motion granted, without costs.   The denial violates applicants' rights under section 142 of the Election Law in view of the failure of the board of elections to give notice to candidates of its determination, as required by that section.   Under the circumstances the applicants should have been allowed to intervene.   (Election Law, § 330.)   Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.